FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0395

DA 14-0395

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2015 MT 176N

STATE OF MONTANA,

       Plaintiff and Appellee,

    v.

RICKY JOE USREY,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Richland, Cause No. DC-99-21
Honorable Katherine M. Bidegaray, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Ricky Joe Usrey (Self-Represented), Deer Lodge, Montana

       For Appellee:

           Timothy C. Fox, Montana Attorney General, Brenda K. Elias, Assistant
Attorney General, Helena, Montana

           Mike Weber, Richland County Attorney, Sidney, Montana

Submitted on Briefs:  May 27, 2015
Decided:  June 23, 2015

Filed:

                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Ricky Joe Usrey appeals from the District Court's order filed June 13, 2014, denying his motion to modify the sentencing judgment in this case. We affirm.

¶3     In 1999 Usrey pled guilty to a charge of sexual intercourse without consent in which the victim was a six-year-old girl. His original sentence was fifteen years with ten suspended. He was released after serving four years, but the District Court revoked his probation and resentenced him in 2005. Since then, Usrey has been released on probation several times, but has been resentenced and returned to prison when he failed to abide by the conditions of release. In 2009 the District Court denied his attempt to withdraw his guilty plea and this Court affirmed. *State v. Usrey*, 2009 MT 227, 351 Mont. 341, 212 P.3d 279.

¶4     Usrey commenced the present proceeding on May 7, 2014, when he moved the District Court to modify his last sentence after revocation. He contends he is serving an illegal sentence because his current discharge date falls a year or more after the date upon which he would have been released had he served the entire fifteen-year sentence imposed in 1999. The District Court denied his motion, noting that at each re-sentencing

after Usrey violated the conditions of his release in the last fifteen years, he received credit for any time of actual incarceration, but not for time served on probationary release.

¶5      A district court considering a defendant's sentencing after probation revocation can allow all or part of the elapsed time as credit against the new sentence, Section 46-18-203(7)(b), MCA. The District Court's order of January 28, 2011, revoking Usrey's suspended sentence specifically stated the reasons for limiting the amount of credit granted against the new sentence. The District Court fully complied with § 46-18-203(7)(b), MCA, in imposing the sentence that Usrey is now serving. The fact that his discharge date is later than the date he may have anticipated is wholly a result of his own conduct in repeatedly violating the conditions of his release on probation. It does not make the sentence illegal.

¶6      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's order was not an abuse of discretion.

¶7      Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ JIM RICE

3